IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| CARL MARK FORCE IV, *et al.* | * | Docket No.: 15-0656 TJS |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S REQUEST TO BE RELEASED FROM PRETRIAL DETENTION

The defendant, Carl Mark Force IV, by and through his attorney, Ivan J. Bates, Esq. and Bates & Garcia, LLC hereby opposes the Government's Motion for Pretrial Detention and in support thereof, the defendant states as follows:

1. The defendant was charged with Wire Fraud in violation of 18 U.S.C. § 1343, Theft of Government Property in violation of 18 U.S.C. § 641, Money Laundering in violation of 18 U.S.C. § 1956, and Conflict of Interest in violation of 18 U.S.C. § 208.

2. The Government is moving for a pretrial detention of the defendant under 18 U.S.C. § 3142, Release or Detention of a Defendant Pending Trial.

3. In support of their argument that the defendant poses a flight risk, the Government states that a search and seizure warrant executed upon the defendant's vehicle recovered a firearm, $5000.00 in money orders, and the defendant's passport.

4. However, the Government wishes to have this Honorable Court view these recovered items in isolation. The Government has failed to note the following apposite facts: (a) the defendant's passport recovered from his vehicle was expired and was merely used for identification purposes, (b) the defendant often used traveler's checks and money orders for his

business, Jan-Pro Janitorial Company, and (c) the defendant maintained possession of a firearm throughout his tenure as a federal agent, thus the firearm is not indicative of any intent to flee.

5. The co-defendant Shaun W. Bridges has been charged with Wire Fraud in violation of 18 U.S.C. § 1343 and Money Laundering in violation of 18 U.S.C. § 1956. The Government alleges that Co-Defendant Bridges has stolen $800,000 of government property.

6. While Defendant Force was arrested in his home last Friday evening, Defendant Bridges, a Secret Service Agent represented by a former Assistant United States Attorney, was given the liberty to turn himself in to the Government. This highly disparate treatment is unduly prejudicial to Mr. Force.

7. The factors that must be considered in determining whether there are conditions of release that will reasonably assure appearance of person and safety of community are: nature and seriousness of offense charged; weight of evidence against defendant; defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug and alcohol abuse, and criminal history; and nature and seriousness of danger to any person or community that would be posed by defendant's release; of these factors, weight of evidence is least important, and statute neither requires nor permits pretrial determination of guilt. United States v. Gebro, 948 F.2d 1118 (9th Cir. 1991).

8. The Bail Reform Act codified in 18 U.S.C. § 3141 *et seq.* recognizes a presumption favoring pretrial release for the majority of federal defendants. Bail Reform Act requires release of person facing trial under least restrictive condition or combination of conditions that will reasonably assure appearance of person as required and safety of community; only in rare circumstances should release be denied, and doubts regarding propriety of release should be resolved in defendant's favor. Id.; see also United States v. Ward, 63 F. Supp. 2d 1203 (C.D. Cal.

1999) (holding that only in rare circumstances should release pending trial be denied, and doubts regarding the propriety of release should be resolved in favor of release); see also United States v. Karper, 847 F. Supp. 2d 350 (N.D.N.Y. 2011) (holding that risk of flight is not the exclusive basis for detaining an accused under the Bail Reform Act, which also institutes dangerousness as a basis for detention).

9. In addition, on motion for pretrial detention, the Government bears burden of showing by preponderance of evidence that defendant poses flight risk, and by clear and convincing evidence that defendant poses danger to community. United States v. Gebro, 948 F.2d 1118 (9th Cir. 1991).

10. Carl Mark Force does not present any danger to the public. In addition, Mr. Force suggests that there are ample pre-trial release conditions that this Honorable Court can enforce to ensure that Mr. Force will appear for trial. See id., at 1121 (holding that the Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq.*, requires the release of a person facing trial under *the least restrictive condition or combination of conditions* that will reasonably assure the appearance of the person as required and the safety of the community); see also United States v. Motamedi, 767 F.2d 1403, 1405 (9th Cir. 1985) (stating that only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor).

WHEREFORE, the Defendant requests that this Honorable Court deny the Government's Motion for Pretrial Detention and grant the defendant pre-trial release.

Respectfully submitted,

_____/s/_____
**IVAN J. BATES**

## **CERTIFICATE OF MAILING**

I HEREBY CERTIFY, that on this 1st day of April, 2015 a copy of the foregoing Opposition to the Government's Motion for Pretrial Release was electronically filed with the Clerk of the United States District Court for the Northern District of California using CM/ECF, with a notice of said filing to the following:

Richard.B.Eans@usdoj.gov

Kathry.haun@usdoj.gov

_____/s/_____
**IVAN J. BATES**